UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL DEMOND LAWSON,

    Petitioner,

v.

                                      Case Number 17-12853
                                      Honorable Thomas L. Ludington

SHANE JACKSON,

    Respondent.
_____/

**ORDER DIRECTING PETITIONER TO INFORM THE COURT
HOW HE WANTS TO PROCEED WITH HIS "MIXED" PETITION**

Petitioner Michael Demond Lawson, a state prisoner at the Carson City Correctional Facility in Carson City, Michigan, recently filed a *pro se* habeas corpus petition challenging his state convictions for second-degree murder, *see* Mich. Comp. Laws § 750.317, and assault with intent to commit murder, Mich. Comp. Laws § 750.83. Petitioner argues that his right to confrontation was denied, he did not receive effective assistance of trial counsel, was convicted despite insufficient evidence, and was denied a fair trial when the trial judge refused to recuse himself. Because Petitioner failed to exhaust state remedies for his fourth claim, the Court will direct him to inform the Court how he wants to proceed.

**I.**

Petitioner was tried with his co-defendant in Wayne County Circuit Court. As noted above, the jury found Petitioner guilty of second-degree murder and assault with intent to commit murder. The trial court sentenced Petitioner as a habitual offender to prison for 37 ½ to 75 years. Petitioner raised his first three habeas claims regarding his right of confrontation, ineffective assistance of counsel, and the sufficiency and weight of the evidence in the Michigan Court of Appeals. The

Court of Appeals affirmed his convictions in a *per curiam* opinion, but remanded his case for further consideration of his sentence. *See People v. Lawson*, No. 326542, 2016 WL 5930110 at *1, *6–*13 (Mich. Ct. App. Oct. 11, 2016) (unpublished). Petitioner states that he raised the same claims in the Michigan Supreme Court and also sought permission to add a new claim regarding the trial judge's refusal to recuse himself. On July 7, 2017, the Michigan Supreme Court granted Petitioner's request to consider new issues, but denied his application for leave to appeal because it was not persuaded to review the questions presented to it. *See People v. Lawson*, 897 N.W.2d 175 (Mich. 2017).

On August 28, 2017, Petitioner filed his habeas corpus petition. He alleges as grounds for relief that (1) his right of confrontation was violated when the trial court permitted the prosecution to admit a missing witness's testimony from the preliminary examination, (2) trial counsel was ineffective for failing to move for separate juries despite antagonistic and irreconcilable defense theories, (3) there was insufficient evidence to support his convictions, and the jury's verdict was against the great weight to the evidence, and (4) the trial judge abused his discretion by not recusing himself on the basis of judicial bias.

## II.

The doctrine of exhaustion of state remedies requires state prisoners to present their claims to the state courts before raising the claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Thus, to properly exhaust state remedies, prisoners must fairly present the factual and legal basis for each of their claims to the state court of appeals and to the state

supreme court before raising the claims in a habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414–15 (6th Cir. 2009).

Petitioner indicates in his habeas petition that he exhausted state remedies for his first three habeas claims by raising those claims in the Michigan Court of Appeals and in the Michigan Supreme Court. However, Petitioner explains that he raised his fourth claim only in the Michigan Supreme Court, and the submission of a new claim to the state's highest court on discretionary review does not satisfy the exhaustion requirement. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Thus, the petition consists of three exhausted claims and one unexhausted claim.

"A federal district court, generally speaking, may not grant the writ on a 'mixed' petition, one containing claims that the petitioner has pressed before the state courts and claims that he has not." *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009) (citing 28 U.S.C. § 2254(b)(1)(A) and *Rhines v. Weber,* 544 U.S. 269, 273–74 (2005)); *see also Rose v. Lundy*, 455 U.S. 509, 510 (1982) (noting that "the exhaustion rule in 28 U.S.C. §§ 2254(b), (c) requires a federal district court to dismiss a petition for a writ of habeas corpus containing any claims that have not been exhausted in the state courts" and holding "that a district court must dismiss 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court"). Furthermore, it appears that Petitioner may have an available state remedy to exhaust, namely, a motion for relief from judgment under Michigan Court Rule 6.502.

> When faced with a mixed petition, . . . the district court has four options: (1) stay the entire petition; (2) dismiss the entire petition without prejudice; (3) deny the entire petition on the merits; or (4) dismiss the unexhausted claims and proceed with the exhausted ones.

*Swanson v. DeSantis*, 606 F.3d 829, 831 (6th Cir. 2010) (citing *Harris*, 553 F.3d at 1031–32).

The Court is not inclined to stay the habeas petition (option one) because the one-year statute of limitations for habeas petitions only recently began to run,[1] and it will stop running if Petitioner files a proper application for post-conviction review in state court. 28 U.S.C. § 2244(d)(2). Further, without the benefit of the state-court record or an answer to the habeas petition, the Court is unable to say whether the entire petition should be denied on the merits (option three).

### III.

Accordingly, it is **ORDERED** that Petitioner is **DIRECTED** to inform the Court whether (1) he wants the Court to dismiss his petition without prejudice (option two) or (2) whether he prefers to voluntarily dismiss his unexhausted fourth claim so that he may present his fourth claim to the state court and have the Court address his first three claims (option four). Any failure to

---

[1] The one-year limitation period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

> For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). A petition for writ of certiorari to review a judgment entered by a state court of last resort must be filed in the United States Supreme Court within ninety days after entry of the judgment. Sup. Ct. R. 13.1.

The Michigan Supreme Court denied leave to appeal in Petitioner's case on July 7, 2017, and Petitioner did not seek a writ of certiorari in the United States Supreme Court. Therefore, his convictions became final on October 5, 2017, ninety days after the state supreme court denied leave to appeal. The statute of limitations began to run on the following day.

comply with this order within thirty (30) days of the date of the order could result in the dismissal of the habeas petition.

Dated: October 25, 2017

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 25, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager