# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

MICHAEL DEMOND LAWSON,

    Petitioner,

v.       Case Number 17-12853
    Honorable Thomas L. Ludington

SHANE JACKSON,

    Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION TO RESCIND DISMISSAL, TO STAY PROCEEDINGS, TO HOLD PETITION IN ABEYANCE, AND DIRECTING THE CASE TO BE RE-OPENED AND THE CASE CAPTION AMENDED

On August 28, 2017, petitioner Michael Demond Lawson, a state prisoner at the Carson City Correctional Facility in Carson City, Michigan, filed a *pro se* petition for the writ of habeas corpus. The pleading challenges Petitioner's Wayne County, Michigan convictions for second-degree murder, *see* Mich. Comp. Laws § 750.317, and assault with intent to commit murder, *see* Mich. Comp. Laws § 750.83. Petitioner argued in the petition that: (1) the trial court denied his right of confrontation when the court permitted the prosecution to admit a witness's prior testimony; (2) his trial attorney was ineffective for failing to move for a separate jury from that of Petitioner's co-defendant; (3) there was insufficient evidence to support his convictions, and the jury's verdict was against the great weight of the evidence; and (4) the trial judge deprived him of a fair trial by refusing to recuse himself. *See* Dkt. 1, p. 3.

Petitioner indicated in his habeas petition that he raised his first three habeas claims in the Michigan Court of Appeals and in the Michigan Supreme Court, but that he raised his fourth claim only in the Michigan Supreme Court. *See id.*, pp. 3-4. The Court concluded from these allegations that Petitioner had failed to exhaust state remedies for his fourth claim. Accordingly, on October

25, 2017, the Court directed Petitioner to inform the Court how he wanted to proceed with his "mixed" petition of exhausted and unexhausted claims. The Court gave Petitioner two options: he could ask for a dismissal of the petition without prejudice or he could voluntarily dismiss his unexhausted fourth claim and have the Court address his first three claims. *See* Dkt. 5, p. 4.

Petitioner responded to the Court's order by filing a motion to amend his habeas petition. *See* Dkt. 6. He stated that he wanted the Court to dismiss his unexhausted fourth claim and to have the Court adjudicate his other three claims. *Id.*, p. 1. On January 17, 2018, the Court granted Petitioner's motion to amend, dismissed his unexhausted fourth claim, and directed the State to file a response to the habeas petition. *See* Dkt. 7.

Petitioner subsequently moved to dismiss his habeas petition without prejudice. *See* Dkt. 9. He stated that, in light of new information, he wanted the Court to ignore his prior motion to amend and, instead, to dismiss his habeas petition without prejudice so that he could file a post-conviction motion in state court. *Id.*, p. 2. The Court granted Petitioner's motion to dismiss without prejudice and closed this case. *See* Dkt. 10.

Petitioner subsequently moved to have the Court rescind its order of dismissal and to stay his federal case. *See* Dkt. 11. He explained in his motion that the Michigan Court of Appeals had remanded his case to the trial court on a sentencing issue and that one of the issues on remand would be whether the trial court sentenced Petitioner on accurate information. Petitioner asked the Court to hold his habeas petition in abeyance pending resolution of the sentencing issue on remand and then to allow him to amend his petition. *See id.*, pp. 2-3.

Before the Court could address Petitioner's motion, he filed another habeas petition challenging his Wayne County convictions for second-degree murder and assault with intent to commit murder. *See Lawson v. Rewerts*, No. 18-cv-13150 (E.D. Mich. Oct. 9, 2018). The 2018

2

petition raised the first three claims that Petitioner presented to the Court in this case and a fourth claim regarding the scoring of an offense variable at his sentencing. The case was randomly assigned to Chief Judge Denise Page Hood and then reassigned to this Court as a companion to this 2017 case.

This Court then construed the 2018 petition as a request to proceed with this 2017 case. The Court closed the 2018 case and directed the Clerk of Court to file the 2018 petition in this case. *See* Dkt. 7 in case number 18-cv-13150. Petitioner has not objected to that order. Accordingly, the 2018 petition will be construed as amending the 2017 petition.

Accordingly, it is **ORDERED** that the motion requesting the Court to rescind its order of dismissal, to stay proceedings, and to hold the petition in abeyance (Dkt. 11) is **DENIED** as moot.

It is further **ORDERED** that the 2018 petition (Dkt. 12) is an amendment to the 2017 petition (Dkt. 1).

It is further **ORDERED** that the Clerk of Court shall re-open this case and amend the caption and docket for this case to show that Petitioner's current warden at the Carson City Correctional Facility is Randee Rewerts. The new caption for this case shall read *Michael Demond Lawson v. Randee Rewerts.*

It is further **ORDERED** that if Petitioner chooses to file a reply to the State's response (Dkt. 13), he must do so on or before **February 15, 2019**.

Dated: January 3, 2019                  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 3, 2019.

                                      s/Kelly Winslow
                                      KELLY WINSLOW, Case Manager