# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

MICHAEL DEMOND LAWSON,

    Petitioner,

v.                                          Case Number 17-12853
                                              Honorable Thomas L. Ludington

RANDEE REWERTS,

    Respondent.

_____/

## ORDER GRANTING PETITIONER'S MOTION TO DISMISS HIS HABEAS PETITION WITHOUT PREJUDICE (Dkt. 17), DENYING AS MOOT PETITIONER'S MOTION TO HOLD HIS PETITION IN ABEYANCE (Dkt. 16), AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES

On August 28, 2017, petitioner Michael Demond Lawson, a state prisoner at the Carson City Correctional Facility in Carson City, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The pleading challenged Petitioner's Wayne County, Michigan convictions for second-degree murder, *see* Mich. Comp. Laws § 750.317, and assault with intent to commit murder, *see* Mich. Comp. Laws § 750.83. Petitioner argued that: (1) the trial court deprived him of his right of confrontation when the court permitted the prosecution to admit a witness's prior testimony in evidence; (2) Petitioner was tried jointly with his co-defendant, and his trial attorney was ineffective for failing to move for a separate jury; (3) there was insufficient evidence to support his convictions, and the jury's verdict was against the great weight of the evidence; and (4) the trial judge deprived him of a fair trial by refusing to recuse himself. *See* Dkt. 1, p. 3.

Petitioner indicated in his habeas petition that he raised his first three habeas claims in the Michigan Court of Appeals and in the Michigan Supreme Court, but that he raised his fourth claim only in the Michigan Supreme Court. *See id*., pp. 3-4. The Court concluded from these allegations that Petitioner had failed to exhaust state remedies for his fourth claim. Accordingly, on October 25, 2017, the Court directed Petitioner to inform the Court how he wanted to proceed with his "mixed" petition of exhausted and unexhausted claims. The Court gave Petitioner two options: move for a dismissal of the petition without prejudice or voluntarily dismiss his unexhausted fourth claim and have the Court address his first three claims. *See* Dkt. 5, p. 4.

Petitioner responded to the Court's order by filing a motion to amend his habeas petition. *See* Dkt. 6. He stated that he wanted the Court to dismiss his unexhausted fourth claim and to have the Court adjudicate his other three claims. *Id*., p. 1. On January 17, 2018, the Court granted Petitioner's motion to amend, dismissed his unexhausted fourth claim, and directed the State to file a response to the habeas petition. *See* Dkt. 7.

Petitioner subsequently moved to dismiss his habeas petition without prejudice. *See* Dkt. 9. He stated that, in light of new information, he wanted the Court to ignore his prior motion to amend and, instead, to dismiss his habeas petition without prejudice so that he could file a post-conviction motion in state court. The Court granted Petitioner's motion to dismiss his case without prejudice and closed this case on April 9, 2018. *See* Dkt. 10.

Thereafter Petitioner moved to have the Court rescind its order of dismissal and to stay his case. *See* Dkt. 11. He explained in his motion that his state criminal case was still pending on remand in the state trial court on a sentencing issue. Petitioner asked the Court to hold his habeas petition in abeyance pending the resolution of the sentencing issue in state court and then allow him to amend his petition. *See id*., pp. 2-3.

Before the Court could address Petitioner's motion, he filed another habeas corpus petition challenging his same Wayne County convictions for second-degree murder and assault with intent to commit murder. *See Lawson v. Rewerts*, No. 18-cv-13150 (E.D. Mich. Oct. 9, 2018). The 2018 petition raised the first three claims that Petitioner presented to the Court in this case and a fourth claim regarding the scoring of the state sentencing guidelines. The case was randomly assigned to Chief United States District Judge Denise Page Hood and then reassigned to this Court as a companion to this case.

The Court construed the 2018 petition as a request to proceed with this case. The Court closed the 2018 case and directed the Clerk of Court to file the 2018 petition in this case. *See* Dkt. 7 in case number 18-cv-13150. The 2018 petition was filed as an amended petition in this case. *See* Dkt. 12. The Court then denied Petitioner's motion to rescind the order dismissing his 2017 petition because the 2018 petition appeared to be a request to proceed with this case. *See* Dkt. 15.

Now before the Court are Petitioner's motion to hold his petition in abeyance, Dkt. 16, and his subsequent motion, Dkt. 17, to dismiss his petition without prejudice. Petitioner alleges in the latter motion that his convictions are not yet final because his state criminal case is still pending in state court on a sentencing issue, which is the basis for his fourth habeas claim. He wants the Court to dismiss his case without prejudice and to deny as moot his motion to hold his petition in abeyance. *See* Dkt. 17, pp. 1-3, 5.

A review of the state trial court's docket reveals that Petitioner was re-sentenced on April 12, 2019. *See* https://www.3rdcc.org/odyssey-public-access-(opa). Petitioner then appealed to the Michigan Court of Appeals, where his appeal remains pending. *See* http://courts.mi.gov/opinions_orders/Pages/CaseInquiry.aspx? The question here is whether this Court may consider Petitioner's challenge to his convictions and sentence before the state courts

make a final determination on his sentence. The United States Court of Appeals for the Sixth Circuit recently explained that –

> Under § 2254(a), a district court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." In *Burton v. Stewart*, 549 U.S. 147 (2007), the Supreme Court held that "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." *Id.* at 156 (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)). General principles of federal appellate jurisdiction require that review of state court proceedings await termination by final judgment, *Di Bella v. United States*, 369 U.S. 121, 124 (1962), and the final judgment in a criminal case does not occur "until after conviction and the imposition of sentence." *Flanagan v. United States*, 465 U.S. 259, 263 (1984). "This insistence on finality and prohibition of piecemeal review discourage[s] undue litigiousness and leaden-footed administration of justice, particularly damaging to the conduct of criminal cases." *Di Bella*, 369 U.S. at 124 (citing *Cobbledick v. United States*, 309 U.S. 323, 324-26 (1940)).

*Davis v. Warren*, No. 18-1768, 2019 WL 3035577, at *2 (6th Cir. Feb. 19, 2019) (unpublished).

Because Petitioner filed his habeas petition "before the state trial court reimposed a sentence on remand, his state judgment had not become final, and his habeas petition was therefore not ripe for review." *Id*. The habeas petition still is not ripe because Petitioner's appeal from the new sentence remains pending in the State's appellate court. As a result, this Court lacks jurisdiction to consider Petitioner's habeas petition. *See id*.

Accordingly, it is **ORDERED** that Petitioner's motion to dismiss his petition without prejudice (Dkt. 17) is **GRANTED**, and his motion to hold his petition in abeyance (Dkt. 16) is **DENIED** as moot.

It is further **ORDERED** that, if Petitioner is unsuccessful in state court, he shall file a motion to re-open this case and an amended petition, using the same caption and case number that appear on the first page of this order, within **sixty (60) days** of exhausting state remedies. Failure

to comply with this order could result in the dismissal of this case. This case is now closed for administrative purposes.

Dated: August 30, 2019       s/Thomas L. Ludington
                             THOMAS L. LUDINGTON
                             United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Michael Demond Lawson** #334825, CARSON CITY CORRECTIONAL FACILITY, 10274 BOYER ROAD, CARSON CITY, MI 48811 by first class U.S. mail on August 30, 2019.

s/Kelly Winslow
KELLY WINSLOW, Case Manager